UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID Q WEBB,

           Plaintiff,

  v.

ENTERPRISE HOLDINGS LLC,

           Defendants.

Case No. 3:22-cv-05406-BHS

REPORT AND RECOMMENDATION

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and proposed complaint. Dkts. 1, 9. Because plaintiff fails to state a claim, the undersigned recommends that the Court deny the application.

BACKGROUND

Plaintiff, a non-prisoner, filed a proposed complaint under 42 U.S.C. §§ 1981 and 1983 on June 1, 2022. *See* Dkt. 1. Plaintiff alleged that the named defendants, all private citizens and businesses, violated his First Amendment rights when they told Gig Harbor Police Department "disparaging information" about him which resulted in the police issuing "trespass admonishments" against him. Dkt. 1. at 27-33. He further alleged that defendants violated his Fourteenth Amendment rights. Plaintiff also brought

REPORT AND RECOMMENDATION - 1

state law tort claims of intentional infliction of emotional distress and negligent infliction of emotional distress. Dkt. 1, at 22, 33-39.

The Court responded to plaintiff's proposed complaint with an Order to Show Cause. *See* Dkt. 5. Plaintiff failed to state a claim under Section 1983 because (1) plaintiff's allegations were vague, unclear, and conclusory, and (2) all of the defendants were non-government-actor persons. Dkt. 5, at 3. The Court further informed plaintiff that he failed to state both a First Amendment Free Speech claim and a Fourteenth Amendment Equal Protection Clause claim because neither applies to private businesses. Dkt. 5, at 4. Finally, the Court informed plaintiff that he failed to state claims of intentional infliction of emotional distress, negligent infliction of emotions distress, and violations under U.S.C. § 1981 because these allegations relied on conclusory statements. Dkt. 5, at 4-6.

In plaintiff's proposed amended complaint, he asserts claims under Title VI of the Civil Rights Act, Section 1983, and Section 1981. He also brings state law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and vicarious liability.

## DISCUSSION

The district court may allow a litigant to proceed IFP upon the submission of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, IFP status is a privilege not a right, and the district court has discretion to deny such status. *O'Laughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). The privilege of proceeding with a cause of action IFP should be permitted "only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A complaint is frivolous if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). The term "frivolous" encompasses not only "inarguable legal" conclusions, but also fanciful factual assertions. *Neitzke*, 490 U.S. at 325; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

A complaint fails to state a claim on which relief may be granted if it lacks a cognizable legal theory or if it fails to allege sufficient facts under a cognizable legal theory. *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). A claim is factually sufficient if the district court can reasonably infer from the claim that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint also fails to state a claim where a defense to its claims "is complete and obvious" from the face of the complaint or the court record. *Franklin*, 745 F.2d at 1228-1229.

I.     42 U.S.C. § 1983

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) plaintiff suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step is to identify the specific constitutional or statutory right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in

causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff claims that defendants "intentionally discriminated" against him "through unconstitutional animus" based on plaintiff's race, color, and national origin as an African American male, thereby violating his right to equal protection under the Fourteenth Amendment. Dkt. 9, at 15. He claims that defendants acted in concert with state actors to issue trespass admonishments against him which banned him from entering certain businesses and interacting with female employees. He alleges that white male customers were allowed to enter the same establishments and communicate with those female employees.

Plaintiff argues that defendants acted in concert with state actors to discriminate against him, but he cites no facts to support this assertion. He simply states that defendants told police officers "disparaging information" about Plaintiff that resulted in the issuance of trespass admonishments. Such conduct does not meet the "under color of state law" requirement. *See West v. Atkins*, 487 U.S. 42, 49 (1988) (defendants act under color of state law when they "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'")

Further, even if Plaintiff did provide facts to demonstrate the relationship between defendants and state actors, Plaintiff's allegations that he was discriminated against in comparison to white male customers is conclusory. Thus, Plaintiff fails to state a claim under the Equal Protection Clause.

REPORT AND RECOMMENDATION - 4

## II. 1964 Civil Rights Act, Title VI

Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d *et seq.*, provides that "[n]o person in the United States shall, on ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." This statute creates a private cause of action for claims of intentional discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001). To state a cause of action under this title, plaintiff must allege that an entity is engaging in discrimination on the basis of a prohibited ground and that the entity receives federal financial assistance. *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994)(citations omitted), overruled on other grounds by *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001).

Plaintiff claims that the business defendants receive federal financial assistance by way of their participation in the United States Paycheck Protection Program Loan. Dkt. 9, at 12. Even if participating in this program was considered "federal financial assistance," Plaintiff failed to explain how he was excluded from or denied the benefits of a specific *program or activity* provided by these businesses. He simply reiterates that he was prohibited from entering these businesses and interacting with white female employees on the basis of his race. This alone is insufficient to state a claim under the Civil Rights Act.

## III. 42 U.S.C. § 1981

42 U.S.C. § 1981 prohibits racial discrimination and provides that all persons within the jurisdiction of the United States shall "have the same rights in every State and

REPORT AND RECOMMENDATION - 5

Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981(a). To state a cause of action under 42 U.S.C. § 1981 plaintiff must allege that (1) plaintiff is a member of a protected class, (2) plaintiff attempted to engage in one or more of the activities enumerated in the statute (i.e. the right to make and enforce contracts, sue, give evidence, etc.) and (3) defendant intentionally denied plaintiff the right to engage in the protected activity on the basis of plaintiff's race. *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1144-48 (9th Cir. 2006), *De Horney v. Bank of America Nat'l Trust & Sav. Assoc.*, 879 F.2d 459, 467 (9th Cir. 1989) ("to establish a § 1981 claim, the plaintiff must prove intentional or purposeful discrimination.").

Plaintiff does not allege specifically what activity he was intentionally denied the right to participate in, nor does plaintiff allege how any particular defendant(s) intentionally denied plaintiff the right to engage in one of the enumerated activities protected by 42 U.S.C. § 198, on the basis of plaintiff's race. Plaintiff's allegations are conclusory. Based on the foregoing, plaintiff's complaint fails to allege sufficient facts to state a cause of action under 42 U.S.C. § 1981.

### IV.    State Law Claims

Plaintiff is also attempting to assert state law claims against all Defendants, including intentional infliction of emotional distress, negligent infliction of emotional distress, and vicarious liability. As explained above, Plaintiff has not stated a federal claim for relief. A district court has discretion over whether to exercise supplemental jurisdiction over state law claims arising from the same set of operative facts that supports a federal claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-

40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)). Ordinarily, when a district court dismisses "all claims independently qualifying for the exercise of federal jurisdiction," it will dismiss all related state claims, as well. *Artis v. District of Columbia*, 138 S.Ct. 594 (2018) (citing 28 U.S.C. § 1367(c)) (2018); *see also Carlsbad Tech.*, 556 U.S. at 639-40. Because Plaintiff's federal claims should be dismissed for failure to state a claim, the undersigned recommends that Plaintiff's state law claims should also be dismissed.

CONCLUSION

Accordingly, the undersigned recommends the Court should DENY plaintiff's IFP application.

A plaintiff is not entitled to submit written objections to the Magistrate Judge's report and recommendation that IFP status should be denied. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998)(per curiam).

Denial of a motion to proceed IFP is an immediately appealable order. *Tripati v. Rison,* 847 F.2d 548, 548-549 (9th Cir. 1988).

Dated this 28th day of July, 2022.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7